695 N.W.2d 336 (2005)
472 Mich. 897
DETROIT EDISON COMPANY, Appellant,
v.
MICHIGAN PUBLIC SERVICE COMMISSION, Michigan Alliance for Fair Competition, Midland Cogeneration Venture Limited Partnership, Energy Michigan, Inc., Association of Businesses Advocating Tariff Equity, Alpena Power Company, Exelon Energy Company, Wisconsin Public Service Commission, Upper Peninsula Power Company, Wisconsin Electric Power Company, and Northern States Power Company Wisconsin d/b/a Xcel Energy, Appellees.
Michigan Electric Cooperative Association, Appellant,
v.
Michigan Public Service Commission, Michigan Alliance for Fair Competition, Midland Cogeneration Venture Limited Partnership, Energy Michigan, Inc., Association of Businesses Advocating Tariff Equity, Alpena Power Company, Exelon Energy Company, Wisconsin Public Service Commission, Upper Peninsula Power Company, Wisconsin Electric Power Company, and Northern States Power Company Wisconsin d/b/a Xcel Energy, Appellees.
Consumers Energy Company, Appellant,
v.
Michigan Public Service Commission, Michigan Alliance for Fair Competition, Midland Cogeneration Venture Limited Partnership, Energy Michigan, Inc., Association of Businesses Advocating Tariff Equity, Alpena Power Company, Exelon Energy Company, Wisconsin Public Service Commission, Upper Peninsula Power Company, Wisconsin Electric Power Company, and Northern States Power Company Wisconsin d/b/a Xcel Energy, Appellees.
Docket Nos. 125950 & (99), 125954, 125955. COA Nos. 237872-237874.
Supreme Court of Michigan.
May 6, 2005.
The motion for leave to file supplemental brief is GRANTED. On order of the Court, leave to appeal having been granted and oral arguments of the parties having been considered by the Court, pursuant to MCR 7.302(G)(1), we VACATE only Part II(B) of the March 2, 2004 Court of Appeals opinion, in which the Court of Appeals erroneously concluded that a generally applicable industry code of conduct may be promulgated through a contested case proceeding. The conclusion by the Court of Appeals in Part II(B) is contrary to M.C.L. §§ 24.203(3) and 24.207 as well as existing case law, e.g., Detroit Base Coalition for the Human Rights of the Handicapped v. Dep't of Social Services, 431 Mich. 172, 428 N.W.2d 335 (1988); Michigan Electric & Gas Assoc. v. Public Service Comm., 252 Mich.App. 254, 652 N.W.2d 1 (2002). Further, the issue addressed in Part II(B) of the Court of Appeals opinion is now moot in light of 2004 P.A. 88, in which the Legislature amended M.C.L. § 460.10a(5) and ratified the code of conduct established by the Public Service Commission. In all other respects, leave to appeal is DENIED, because we are no longer persuaded that the questions presented should be reviewed by this Court.
*337 MICHAEL F. CAVANAGH, J., concurs in part and states as follows:
Because of 2004 P.A. 88, the issue addressed in Part II(B) of the Court of Appeals opinion is now moot; therefore, I concur only with the determination that leave was improvidently granted and should be denied.
MARILYN J. KELLY, J., joins the statement of MICHAEL F. CAVANAGH, J.